UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VORADETH DAVE VONGCHAN,

Plaintiff,

v.

SSA COMMISSIONER,

Defendant.

Case No. 24-cv-08984-AMO

**ORDER GRANTING MOTION TO REOPEN TIME TO APPEAL**

This matter is before the Court on remand from the Ninth Circuit regarding pro se Plaintiff Voradeth Dave Vongchan's notice of appeal, Dkt. No. 24, which the Ninth Circuit has construed as a motion to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6). Dkt. No. 27. Rule 4(a)(6) allows the district court to "reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered" if all of the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[1] of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

---

[1] Federal Rule of Civil Procedure 77(d)(1) provides: "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." *Id.* Subsection 2 provides: "Lack of notice of the entry does not affect the time for appeal or relieve--or authorize the court to relieve--a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a). Fed. R. Civ. P. 77(d)(2).

United States District Court
Northern District of California

The Court first considers the threshold issue of when Vongchan received notice of the order and judgment, entered on December 26, 2025, Dkt. Nos. 22, 23, which are the subject of his appeal. Dkt. No. 24. In his notice of appeal, filed April 2, 2026, Vongchan asserts that he did not receive notice of the judgment until March 23, 2026, when he visited the Court's San Jose Division. Dkt. No. 24 at 2. The Court credits the assertion that Vongchan did not receive notice until March 23, 2026 for three reasons. First, though the docket indicates that both the order and judgment were mailed to Vongchan via first class mail, Dkt. Nos. 22, 23, the mailing of the order and judgment may have been delayed or incorrectly routed due to the holiday season. Second, even if the order and judgment were promptly mailed and corrected routed, Vongchan may not have been able to retrieve the mailed copies at his address of record due to previously reported mobility issues that prevented him from checking his post office box earlier in this case. Dkt. No. 15 at 1. Third, Defendant does not challenge Vongchan's representation, stating:

> Defendant, Commissioner of Social Security, per this Court's June 4, 2026 Order (Dkt. No. 28), hereby responds to Plaintiff's motion to reopen the time to appeal (Dkt. Nos. 24, 27). Defendant states no objection to Plaintiff's request and defers to this Court's sound judgment on the matter. Assuming Plaintiff has accurately represented that he received the Court's judgment on March 23, 2026 (Dkt. No. 24), then the criteria for reopening under Federal Rule of Appellate Procedure 4(a)(6) are satisfied.

Dkt. No. 29 at 1.[2]

Applying March 23, 2026 as the notice date, Vongchan satisfies all requirements for relief under Rule 4(a)(6). Because Vongchan did not receive the order and judgment, entered December 26, 2025, until March 23, 2026, he "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry[,]" satisfying Rule 4(a)(6)(A). Vongchan filed his motion to reopen, in the form of a notice of appeal, on April 2, 2026, which is within 14 days of when he received notice on March 23, 2026[,]" satisfying Rule 4(a)(6)(B). Subsection (C) is met because neither party would suffer prejudice if

---

[2] In light of the Commissioner's non-opposition and because the Court finds that Vongchan satisfies the criteria for relief under Rule 4(a)(6), the June 25, 2026 deadline for his reply is **VACATED**.

the time to appeal is reopened, and none has made any showing to the contrary.

Under these circumstances, granting the motion to reopen the time to appeal is appropriate. *See Jackson v. Jackson*, No. C23-5988JLR, 2024 WL 4696169, at *1 (W.D. Wash. Nov. 6, 2024) ("When the movant makes an unchallenged assertion that he did not receive timely notice of judgment, and the other Rule 4(a)(6) conditions are not at issue, the court should exercise its discretion to reopen the movant's time to appeal.") (internal quotations and citation omitted). Accordingly, Vongchan's motion to reopen the time to appeal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 10, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

3